UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. AGUIRRE,<br><br>                 Plaintiff,<br><br>   v.<br>U.S. NUCLEAR REGULATORY COMMISSION,<br><br>                 Defendant. | Case No. 19-cv-587-BAS-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 12]** |

Plaintiff Michael Aguirre filed a complaint against Defendant United States Nuclear Regulatory Commission ("NRC"). In sum, in March 2019, Plaintiff requested documents from NRC pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff seeks a declaratory judgment that the NRC's failure to respond to his requests was unlawful, an order compelling the NRC to release the documents, and attorney's fees. ("Compl.," ECF No. 1.)

**I.    FACTUAL BACKGROUND**

Plaintiff alleges safety violations are occurring on a nuclear site in San Diego, California that the NRC is charged with overseeing. (Compl. ¶ 4.) One of these violations allegedly occurred on August 3, 2018, where "the utility's staff misaligned a canister storing approximately 100,000 pounds of nuclear waste." (*Id.* ¶ 5.) On March 11, 2019, the NRC announced it would host an online webinar on March 25,

2019 for anyone interested in the August 3 incident. (*Id.* ¶ 10.) On March 19, 2019, Plaintiff submitted a FOIA request. He requested:

> all records of communications from November 29, 2018 to present between any agent, officer or employee of Southern California Edison and any agent, officer or employee of the NRC regarding the subject matter of the March 25, 2019 meeting: the NRC's "enforcement decisions regarding the Special Inspections conducted by the NRC to evaluate an August 3, 2018 incident involving a loaded spent fuel storage canister that was misaligned and became stuck on a metal flange while being lowered into a storage vault."

(Exhibit 1 to Declaration of Tina Ennis, ECF No. 12-2.) He requested the documents be produced by March 23, 2019 (four days later). (*Id.*)

On March 21, 2019, Stephanie Blaney, a FOIA officer, responded to Plaintiff. She informed him that to expedite a request, the requester must show a

> "compelling need" based on meeting either of two criteria: when failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;" or, if the requester is a person "primarily engaged in disseminating information," by demonstrating that an "urgency to inform the public about the actual or alleged Federal Government activity" exists.

(*Id.* at 11.) Ms. Blaney concluded that Plaintiff's justification for expedited documents did not meet this standard, and in any event, there were three other pending expedited requests in the queue that would be addressed before Plaintiff's request. (*Id.*) Therefore, the NRC would not be producing the documents by Plaintiff's deadline (which was two days later). Plaintiff responded, objecting to the denial to expedite. (*Id.* at 10.) The parties continued to email back and forth, but ultimately, the conclusion remained the same: Plaintiff would not receive expedited documents. (*Id.* at 8, 9.)

While this conversation was ongoing, on March 21, 2019, Ms. Blaney sent Plaintiff a letter, assigning his FOIA request the tracking number NRC-2019-000239. (Exhibit 3 to Declaration of Tina Ennis.) The estimated completion date of the

request was May 2, 2019. (*Id.*) The letter reiterated that Plaintiff had not established a "compelling need" for acceleration of the documents. (*Id.*)

On March 28, 2019, after the meeting regarding the misalignment incident had occurred, Tina Ennis emailed Plaintiff and asked whether he was still interested in receiving the records even though the meeting had occurred. (Exhibit 4 to Declaration of Tina Ennis.) The letter indicated that Plaintiff's request had been classified as "non-excepted" and he was responsible for the search and duplication costs of $72.63. (*Id.*) Because Plaintiff had previously agreed to pay up to $1,500, no payment was due at the time and he would be billed when the request was complete. (*Id.*)

Plaintiff's law partner Marie Severson responded at approximately 10:00 a.m. on March 28, requesting the FOIA records by noon that day. (Exhibit 5 to Declaration of Tina Ennis, at 21–22.) Ms. Ennis responded to Ms. Severson and informed her that the responsive records "were not originated by the NRC" and therefore, the NRC had to refer the records to the licensee for a disclosure determination. "Under NRC regulations and policies, the licensee is allowed 30 days for review and response." Thus, the NRC would not be able to provide the documents within the day. (*Id.*) Ms. Ennis and Ms. Severson continued to email. (*Id.* at 21.)

Plaintiff filed suit on March 29, 2019. On April 17, 2019, Ms. Ennis emailed Plaintiff to inform him that the records were sent to the licensee for review. (Exhibit 6 to Declaration of Tina Ennis.) Later that same day, Ms. Ennis emailed Plaintiff again to inform him that some of the work on his request was complete and attached the interim response. (Exhibit 7 to Declaration of Tina Ennis, at 22.) Ms. Ennis now declares that the NRC has released some information to Plaintiff but has withheld some information pursuant to FOIA's exemptions. (Declaration of Tina Ennis ¶ 12; *see also* ECF No. 21-1 (supplemental declaration).)

## II. PROCEDURAL BACKGROUND

Defendant moves to dismiss Plaintiff's complaint, arguing that Plaintiff has

failed to exhaust administrative remedies for his FOIA request before filing a complaint. ("Mot.," ECF No. 12.) Although not clearly specified in the Motion, it appeared that Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See id.* at 6 ("Defendant respectfully moves for dismissal of the complaint for failure to state a claim, based on lack of exhaustion of administrative remedies.").) Defendant attached a declaration by Tina Ennis and various exhibits to its Motion. (ECF No. 12-2.) Defendant did not explain why it believed the Court could consider these exhibits at the motion to dismiss stage. Therefore, the Court converted Defendant's Motion to a motion for summary judgment. (ECF No. 20.) The Court permitted both parties to submit any further material in support of the Motion or Opposition and provided separate deadlines for each party. Defendant did not file anything by its deadline, and Plaintiff submitted further points and authorities along with a declaration by Plaintiff and new exhibits, (ECF Nos. 22, 22-1).[1]

The Court held oral argument on this Motion on February 18, 2020. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, (ECF No. 12).

### III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine

---

[1] This supplemental response filed by Plaintiff details issues that have arisen since the filing of the complaint. These documents therefore are irrelevant to the issue before the Court: whether Plaintiff exhausted his administrative remedies before filing the present complaint. Defendant moved ex parte for leave to file a supplemental reply to respond to Plaintiff's supplemental response. (ECF No. 23.) Because the Court finds Plaintiff's supplemental response is largely irrelevant, it need not receive a response by the NRC. The Court therefore **DENIES** the NRC's ex parte motion, (ECF No. 23).

Plaintiff also requests the Court take judicial notice of various documents. The documents relate to the merits of Plaintiff's FOIA requests. (ECF No. 13-2.) Plaintiff states the documents should be noticed because "it is critical that the Court understand the context [behind the requests] and explain why the NRC summarily dismissed" Plaintiff's administrative appeal. (*Id.* at 1.) The Court did not consider the documents in analyzing the Motion, therefore the Court **DENIES AS MOOT** Plaintiff's requests for judicial notice.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV. ANALYSIS

"FOIA gives individuals a judicially-enforceable right of access to government agency documents." *Lion Raisins v. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016). FOIA provides, among other things, that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Because FOIA cases rarely involve material factual disputes, they "typically and appropriately are decided on motions for summary judgment." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 97 (D.D.C. 2009); *see Shannahan v. I.R.S.*, 637 F. Supp. 2d 902, 912 (W.D. Wash. 2009).[2]

The NRC moves for summary judgment on the ground that Plaintiff has failed to exhaust administrative remedies.

Under FOIA, when a member of the public makes a request for government records, the agency must, "within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt of any such request[,]" determine whether to comply with the request and "immediately notify" the requester of the decision. 5 U.S.C. § 552(a)(6)(A)(i). Under what has been deemed the "constructive exhaustion" provision, if an agency fails to respond to a request within the time limit, a requester "shall be deemed to have exhausted his administrative remedies." *Id.*

---

[2] Normally, "the standard for summary judgment in a FOIA case requires a two-stage inquiry." *L.A. Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 893 (C.D. Cal. 2006). The court's first step in this inquiry is to determine "whether the agency has met its burden of proving that it fully discharged its obligations under FOIA." *Id.* Here, the agency's argument is that it was not required to discharge its obligations due to Plaintiff's premature filing of his complaint. Thus, the Court does not even reach the first step and does not follow the typical two-step inquiry.

§ 552(a)(6)(C)(i).

The NRC argues that Plaintiff improperly filed suit before this 20-day period had expired and therefore the complaint must be dismissed. Indeed, Plaintiff did file suit within this time frame—he submitted his request on March 19, 2019 and filed suit on March 29, 2019. When a plaintiff prematurely files his complaint before the FOIA claims accrue, he necessarily does not exhaust his administrative remedies before filing his FOIA claims in court. *Said v. Gonzales*, No. C06-986MJP, 2007 WL 2789344, at *5 (W.D. Wash. Sept. 24, 2007).

Plaintiff does not appear to dispute that he filed his complaint prematurely. Plaintiff undoubtedly knows that the NRC has 20 days to respond to a FOIA request, and he knows that he filed his complaint before this time had expired. Plaintiff's arguments in response to the NRC's Motion are: (1) the Court should waive the requirement of exhaustion of administrative remedies and assume jurisdiction over the case; and (2) any further request to exhaust administrative remedies would be futile. ("Opp'n," ECF No. 13.)

Plaintiff's arguments are borderline ridiculous. Within two days of receiving Plaintiff's request, the NRC notified Plaintiff that producing documents in such a short time frame was not possible, but that it would begin to work on the request. The NRC did not, as Plaintiff argues, engage in "dilatory and stonewall tactics." (*Id.* at 13.) Plaintiff made an unreasonable request, and the NRC began to respond to it in a reasonable manner. Allowing a party to file suit before the agency has been allowed the statutory time limit to respond to the request completely ignores the purpose of administrative exhaustion. The Court declines to waive or ignore the requirement that Plaintiff exhaust his administrative remedies.

V. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment, (ECF No. 12). The Court also **DENIES** Defendant's Ex Parte Motion for Leave to File Supplemental Reply, (ECF No. 23). The Clerk is instructed

to close the case.

**IT IS SO ORDERED.**

DATED: February 18, 2020

Hon. Cynthia Bashant
United States District Judge